IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SCOTT ATKINSON,

                  Plaintiff,

      v.

FELIPA MACKINNON,
JOSEPH WARNKE and
CRYSTAL SCHWERSENSKA,

              Defendants.

OPINION AND ORDER

14-cv-736-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action, plaintiff Christopher Scott Atkinson, a prisoner at the Federal Correctional Institution at Oxford, Wisconsin, contends that prison officials have violated his rights by subjecting him to harsh discipline and giving him poor work performance evaluations because of his Muslim religious practices and because he complained about his poor treatment.  In an order dated January 7, 2015, I granted plaintiff leave to proceed on his claims that defendants' actions violated plaintiff's rights under the Religious Freedom Restoration Act, the free exercise and establishment clauses of the First Amendment and the equal protection clause of the Fifth Amendment, under a theory of religious discrimination.  I dismissed plaintiff's complaint with respect to his equal protection claim under the "class of one" theory because the mistreatment plaintiff identified involved discretionary decisions on whether and how to impose discipline on a prisoner.

1

<u>Engquist v. Oregon Dept. of Agriculture</u>, 553 U.S. 591, 603-04 (2008) (class-of-one equal protection claims not available for discretionary decisions "based on a vast array of subjective, individualized assessments."). Plaintiff now seeks reconsideration of that dismissal, dkt. #13, because, he says, discipline procedures in federal prisons are mandatory under federal regulations, 28 C.F.R. § 541.

Prison disciplinary regulations are not mandatory in the sense that they require a particular course of action. Rather, they may take many possible forms, depending on the judgment of the person imposing the discipline. A table of "prohibited acts" and "available sanctions" exists, from which the decision makers within the Bureau of Prisons may choose when applying discipline. It is well established that choosing when and how to apply discipline are discretionary decisions falling under <u>Engquist</u>, 553 U.S. at 603-04. <u>Taliaferro v. Hepp</u>, No. 12-cv-921-bbc, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) ("[T]his court has held that class-of-one claims are likely never cognizable in the prison disciplinary context. . . . Defendant's decision to discipline plaintiff but not the other inmate rested on numerous individualized judgments about the severity and significance of their respective conduct and, therefore, cannot be challenged under a class of one theory.") (citing <u>Jackson v. Flieger</u>, 2012 WL 5247275, *4 (W.D. Wis. Oct. 23, 2012); <u>Upthegrove v. Holm</u>, 2009 WL 1296969, *1 (W.D. Wis. May 7, 2009)).

Plaintiff cites <u>Calderon v. United States</u>, 123 F.3d 947, 949 (7th Cir. 1997), for the proposition that the regulations set forth at 28 C.F.R. § 541 are non-discretionary. In fact, <u>Calderon</u>, which involved the Federal Tort Claims Act, actually held the opposite: "In the

present case, none of the federal regulations cited above set forth a mandatory, non-discretionary disciplinary action which the BOP was required to take against Perez prior to his attack on Calderon.  To the contrary, the cited regulations clearly give the BOP room for judgment in determining whether to sanction Perez."  Id.

Accordingly, plaintiff's motion for reconsideration will be denied and he will not be granted leave to proceed on his equal protection claim under a "class of one" theory.

ORDER

IT IS ORDERED that plaintiff Christopher Scott Atkinson's motion for reconsideration, dkt. #13, is DENIED.

Entered this 6th day of February, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge