DOC NO
REC'D/FILED

IN THE UNITED STATES DISTRICT COURT

2015 FEB 27 AM 10:31

FOR THE WESTERN DISTRICT OF WISCONSIN

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

CHRISTOPHER SCOTT ATKINSON,

Plaintiff,

v.

FELIPA MACKINNON
JOSEPH WARNKE and
CRYSTAL SCHWERSENSKA

Defendants.

Case No. 14-CV-736-bbc
Judge BARBARA CRABB
Notice of Appeal

## NOTICE OF APPEAL

Notice is hereby given that Christopher Scott Atkinson, plaintiff in the above-entitled matter, appeals to the United States Court of Appeals for the Seventh Circuit from the Opinion and Order entered in this action on the 6th day of February, 2015.

## STATEMENT OF ISSUES

1. Below the office of the warden, Only the Unit Disciplinary Committee's (UDC) and Disciplinary Hearing Officers are authorized by 28 C.F.R. 541 disciplinary process to adjudicate guilt and punishment for "prohibited act" rule violations.

2. The Court erred in holding that a legitimate "decision maker" was envolved in adjudicating plaintiff Committed an alleged prohibited act.

3. The Court erred in holding that a legitimate "decision maker" was involved in imposing the Table 1 "available sanction," for the alleged theft violation.

4. None of the defendants are UDC or DHO, and the extent of the defendants discretion in the Bureau of Prisons disciplinary process is as follow,... $541.5, Write an incident report. $541.3, Informally Resolve the incident with the consent of the prisoner. Or staff can choose to do nothing at all.

5. Defendant Schwersenska exceeded the scope of her employment as a Food Service Cook Supervisor, by adjudicating an alleged "prohibited act" violation

6. Defendant Schwersenska exceeded the scope of her employment by making a finding that the plaintiff committed the "prohibited act," theft.

7. Defendant Schwersenska exceeded the scope of her employment by imposing an "available sanction" for theft from Table 1 of the disciplinary process, at (I) Loss of Job, or Change of Job.

8. The $541 disciplinary process dictates the manner in which disciplinary action may be taken when prisoners violate an institutional rule. The first step mandates the filing of an "incident report."

STATEMENT OF ISSUES, continued.

9. The Court erred in the standards of law held in <u>Calderon v. United States</u>, 123 F.3d 947. Because <u>Calderon</u> mandates an "Incident Report" when the course chosen by staff is to discipline the prisoner.

 <u>Calderon</u> verbatim is as follow,... "On the other hand, §541.14 may require the BOP to issue an Incident {123 F.3d 950} Report -- which may ultimately lead to the imposition of a sanction under §541.13. Such action is required, however, only when 1) the BOP personnel witness or have reasonable belief that a BOP regulation violation has occurred; and 2) the BOP personnel determines that informal resolution is inappropriate. Unquote.

10. A discretionary function does not apply where a federal statue, regulation or policy specifically prescribes a course of action for an employee.

11. The Court erred in applying the standards of law held in <u>Engquist v. Oregon Dept. of Agriculture</u>, 553 U.S. 591, 603-04 (2008). - Taliaferro v. Hepp, - <u>Jackson v. Flieger</u>. - <u>Upthegrove v. Holm</u>,... Because the defendants violated every perscribed course, purpose and scope of the §541 disciplinary process for alleged violations of prison rules.

Date:
February 24, 2015

             Christopher Scott Atkinson

             Christopher Scott Atkinson
             #12325-040
             Federal Correctional Institution
             P.O. Box 1000
             Oxford, WI   53952