IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SCOTT
ATKINSON,

                    Plaintiff,                              ORDER

              v.                                    14-cv-736-bbc

FELIPA MACKINNON,
JOSEPH WARNKE and
CRYSTAL SCHWERSENSKA,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Now before the court is plaintiff's notice of appeal to the court of appeals from the

February 6 order.  I understand plaintiff to be asking the court to certify that he can take an

interlocutory appeal, dkt. #18,  under 28 U.S.C. § 1292(b) from the February 6, 2015 order

denying reconsideration of the decision to deny plaintiff leave to proceed on a "class of one"

claim under the equal protection clause.  Dkt. #17.  Plaintiff's notice of appeal is not

accompanied by the $505 fee for filing an appeal, so I also construe his notice of appeal as

a request for leave to proceed in forma pauperis on appeal.

        The first obstacle plaintiff faces is that the court's February 6 order is not a final

order.  A party may appeal a non-final decision in only rare situations.  Under 28 U.S.C. §

1292,

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves

1

a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I purposely did not include in the February 6 order a finding that an interlocutory appeal would be proper. A prompt appeal from the order will not materially advance the ultimate termination of this litigation, but would probably serve to delay it.

Even if I were to construe plaintiff's motion as including a motion for entry of final judgment with respect to the defendants in the February 6 order, the motion would not be granted. Fed. R. Civ. P. 54(b) provides that unless explicitly directed by the court, "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment . . . ." The purpose of Rule 54(b) is to avoid "piecemeal disposal of litigation." Advisory Comm. Notes. Under this rule, a judge has the power to enter final judgment whenever there are multiple parties following an order that finally resolves a party's liability even though the case continues in the district court between the other parties.

As a general rule, however, the Court of Appeals for the Seventh Circuit frowns on the entry of partial final judgments, e.g., Doe v. City of Chicago, 360 F.3d 667, 673 (7th Cir. 2004). Entering a partial final judgment requires a court to determine that no just reason for delay in appealing exists. Fed. R. Civ. P. 54(b). One "just reason" can be the need to develop a factual basis for disputed questions of law, id.; another may be to relieve the court of appeals of the need to familiarize itself with the factual and legal issues of a case

2

more than once.  Although the February 6 order resolved the merits of the case with respect to plaintiff's equal protection "class of one" claims against defendants Joseph Warnke, Crystal Schwersenska and Felipa Mackinnon, plaintiff's equal protection claims on the theory of religious discrimination remain unresolved with respect to these defendants. Under such circumstances, it is more efficient to resolve the case as a whole than to do so through piecemeal appeals.

Unfortunately, this means that plaintiff's submission of his notice of appeal is both futile and costly.  As plaintiff should be aware, because he is a prisoner, he must pay the full cost of filing a notice of appeal.  He owes the money whether his appeal is meritorious, procedurally defective or lacking in legal merit.  If he were to qualify for indigent status, he would be allowed to pay the fee in monthly installments, beginning with an initial partial payment.  However, if his appeal is certified as not having been taken in good faith, he may not proceed in forma pauperis and, instead, he must pay the full amount of the fee immediately.  I will deny plaintiff's request to proceed in forma pauperis because I certify that his appeal from a non-final order is not taken in good faith.  Plaintiff simply restates arguments that were already considered and disposed of by this court.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so.  Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  His motion must be accompanied

by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. Ordinarily, if a plaintiff fails to pay the fee within the deadline set, the court of appeals will dismiss the appeal and order this court to arrange for collection of the fee from his prison account.

## ORDER

IT IS ORDERED that

1. Plaintiff Christopher Scott Atkinson's motion for the court to certify that an interlocutory appeal may be taken from the February 6, 2015 order in this case, dkt. #18, is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #18, is DENIED. I certify that plaintiff's appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $505 fee for filing his appeal is reflected in the court's financial record.

Entered this 3d day of March, 2015.

BY THE COURT:
/s/
_____

BARBARA B. CRABB
District Judge