IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER ATKINSON,                                ORDER

            Plaintiff,                               14-cv-736-bbc

      v.

FELIPA MACKINNON, JOSEPH WARNKE
and CRYSTAL SCHWERSENSKA,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Christopher Atkinson is a prisoner at the Federal Correctional Institution at Oxford, Wisconsin.  In an order entered January 7, 2015, I granted plaintiff leave to proceed on <u>Bivens</u> claims that defendants Felipa MacKinnon, Joseph Warnke and Crystal Schwerenska violated his constitutional rights by changing plaintiff's work assignment and pay for reasons related to plaintiff's religious beliefs.  Discovery in this case is ongoing and plaintiff has filed a motion requesting that the court issue plaintiff a subpoena duces tecum pursuant to Fed. R. Civ. P. 45(a) so that he can obtain four categories of documents from defendants' employer, the Federal Bureau of Prisons.  Defendants provided a copy of plaintiff's motion to the Federal Bureau of Prisons, which has filed a response in opposition. Plaintiff has filed a reply brief and this motion is now ready for resolution.

In resolving plaintiff's motion, I will address each category of documents plaintiff is seeking separately.

1

A.  "Consolidated Performance Payroll" Information

Plaintiff's first request is for all "consolidated performance payroll" information for the months of December 2013 through March 2014.  Plaintiff contends this consolidated performance payroll information includes "performance ratings," which are sent to and approved by defendant MacKinnon.  The Bureau of Prisons has responded by asserting that the food service department plaintiff worked for does not use a "consolidated performance payroll system" and does not maintain "work performance rating forms."  Instead, supervisors input performance ratings directly into the Federal Bureau of Prisons Inmate Skills Development System. The Bureau of Prisons also says that they maintain a "TRUPaid" system to coordinate inmate worker pay.  In his reply, plaintiff accepts the Bureau of Prison's contention that they do not have "consolidated performance payroll information."  However, plaintiff requests that the court issue a subpoena for the TRUPaid information and Inmate Skills Development System information the Bureau of Prisons referred to in their response.

I am granting plaintiff's request for the TRUPaid and Inmate Skills Development System information.  Specifically, I am directing the clerk of court to issue plaintiff a subpoena for the following documents:

(1) "All records showing the performance ratings entered into the Inmate Skills Development System for plaintiff Christopher Atkinson between December 2013 and March 2015."

(2) "All TRUPaid records related to plaintiff Christopher Atkinson's work and pay between December 2013 and March 2015."

2

### B. Job Descriptions and Job Training and Orientation Materials

Plaintiff's second request is for all of the Federal Correctional Institution job training materials, orientation materials and job descriptions for food service employees from between January 2013 and March 2015.  The Bureau of Prison responds that plaintiff has already received a copy of the Bureau of Prisons regulations and program statement governing the Inmate Work Program and the Bureau of Prison's Food Service Manual from defendants in response to his document requests.  However, the Bureau of Prisons also says that it has food service safety regulations, a job orientation guide and food service worker job descriptions, which defendants have not yet produced.  Accordingly, I will direct the clerk of court to issue plaintiff a subpoena for the following documents:

> (3) "The Federal Bureau of Prisons 'Unicor Basic Safety Regulations,' 'Initial Job Orientation Guide' and the inmate food service worker job description documents."

### C. Inmate Skills Development System Information

Plaintiff's third request is for information maintained on the Inmate Skills Development System.  In particular, plaintiff is seeking defendant Schwersenska's entries into the system regarding a disputed incident on November 12 and 13, in which plaintiff allegedly stole food from the prison food service area.  Plaintiff contends that the specific entries he is interested in are mentioned in defendant Schwersenska's answer to paragraph 24 of the complaint.  The Bureau of Prison states that it has provided plaintiff the Inmate Skills Development System information related to the November 12 and 13 incident and

that the relevant evaluations and entries were attached as exhibits to plaintiff's complaint. In reply, plaintiff contends that the Inmate Skills Development System printouts he has received indicate that there are "electronically stored annotations" that have not yet been produced.  I will direct the clerk of court to issue a subpoena for the following materials, which should be produced if they exist:

> (4) "Records or printouts of any 'electronically stored annotations' that are maintained and readily accessible in the Inmate Skills Development System related to the alleged November 12 and 13 theft incident."

The Bureau of Prisons should conduct a reasonably diligent search for the "electronically stored annotations" plaintiff is requesting.  If after such a search, they are unable to locate this information, they should respond to the subpoena by noting that they were unable to identify any information or materials responsive to this request.

### D. Defendant Schwerenska's Work Assignment and Attendance Records

Plaintiff's fourth request is for all "time and attendance" records and "national finance center" records related to defendant Schwerenska's work assignment and schedule for November 12, 2013.  Plaintiff argues that he needs this information to demonstrate that defendant Schwerenska was not working on November 12, which was the day plaintiff allegedly stole from the food service area.  The Bureau of Prisons objects to this request on the ground that the records requested contain significant personal information, such as salary data, that is irrelevant to the facts at issue in this case.  Plaintiff has stated, however, that he is not interested in any data other than that which is necessary to establish whether

Schwerenska was or was not working on November 12.  Accordingly, I will direct the clerk of court to issue a subpoena for the following documents:

> (5) "Defendant Schwersenska's time and attendance records showing whether she worked on November 12, and if so, when and where she worked."

With respect to the records responsive to this request, the Bureau of Prisons may redact any personal or sensitive information that is unrelated to defendant Schwerenska's work assignment and work schedule on November 12.


ORDER

IT IS ORDERED that plaintiff Christopher Atkinson's motion for issuance of a subpoena pursuant to Fed. R. Civ. P. 45(a) is GRANTED.  The clerk of court is directed to issue plaintiff a subpoena for the production of the categories of documents identified above and serve a copy of the subpoena on the Federal Bureau of Prisons by certified mail.

Entered this 22d day of February, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5