IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SCOTT ATKINSON,

                      Plaintiff,

    v.

FELIPA MACKINNON,
JOSEPH WARNKE and
CRYSTAL SCHWERSENSKA,

                      Defendants.

OPINION and ORDER

14-cv-736-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Christopher Scott Atkinson is proceeding on the following claims: (1) (1) defendants Joseph Warnke and Crystal Schwersenska removed plaintiff from his prison job at the Federal Correctional Institution in Oxford, Wisconsin because plaintiff is a Muslim, in violation of his rights under the free exercise and establishment clauses of the First Amendment, the equal protection component of the Fifth Amendment and the Religious Freedom Restoration Act; (2) defendant Felipa Mackinnon retaliated against plaintiff, in violation of his right to free speech, because he complained about defendants Warnke's and Schwersenska's alleged mistreatment. Trial is scheduled for August 1, 2016.

      Several requests filed by plaintiff are before the court: (1) a motion for reconsideration of the order denying plaintiff's petition for a writ of habeas corpus ad testificandum for Gregg Vandyke, dkt. #137; (2) petitions for writs of habeas corpus ad

1

testificandum with respect to prisoners Tyrone Sturdivant and George Johnson, dkt. ## 108 and 110; and (3) requests for subpoenas for each of the defendants, dkt. ##124, 125 and 126. For the reasons explained below, I am denying each of plaintiff's requests.

OPINION

A. Motion for Reconsideration

In an order dated June 24, 2016, dkt. #122, I denied plaintiff's petition for a writ of habeas corpus ad testificandum with respect to Gregg Vandyke because plaintiff failed to show that Vandyke had agreed to testify voluntarily. (Although an involuntary witness may be compelled to testify with a subpoena, plaintiff did not request a subpoena and he did not refute defendants' argument that Vandyke was outside the scope of the court's subpoena power.) In a declaration accompanying his motion for reconsideration, plaintiff describes for the first time an alleged conversation he had with Vandyke before Vandyke was transferred to a halfway house in Michigan in which Vandyke agreed to testify for plaintiff and in fact "became enthusiastic about testifying." Dkt. #138 at ¶ 3.

Plaintiff's new declaration is the third version of events that plaintiff has described regarding Vandyke's willingness to testify. Originally, plaintiff said that it "took [him] two years to convince Vandyke" to provide a declaration related to his observations and that Vandyke "only agreed to [do so] after he naively stated and believed that leaving Wisconsin would eliminate him from any further involvement." Dkt. #92 at ¶ 6. Plaintiff then revised his story to say that it was his "understanding" that "Vandyke thought that it was totally up

2

to the Bureau of Prisons if he could travel back to Wisconsin and testify in a civil case against prison staff, Vandyke was naively unaware of the court's subpoena power in this civil action." Dkt. #112.

Plaintiff's new version of the story is too little, too late. The deadline for seeking a writ passed on June 27, 2016, but plaintiff did not mail his new declaration until June 30, 2016. Further, plaintiff does not provide any explanation as to why his story keeps changing.

In response to plaintiff's evolving narrative, defendants have submitted a declaration in which Vandyke says that he does not wish to testify in this case. Dkt. #142 at ¶ 4. That is the end of the matter. Even if plaintiff's allegation that Vandyke agreed to testify at some time in the past is true, that point is moot in light of Vandyke's more recent statement. Accordingly, I am denying plaintiff's motion for reconsideration.

B. Witnesses Tyrone Sturdivant and George Johnson

Plaintiff requests writs of habeas corpus ad testificandum for Tyrone Sturdivant and George Johnson, both of whom are prisoners at the Federal Correctional Institution in Oxford, Wisconsin. Plaintiff states expressly that Sturdivant is not willing to testify voluntarily, so plaintiff requests a subpoena for Sturdivant as well as a writ. Plaintiff does not say whether Johnson is willing to testify voluntarily.

According to plaintiff, Sturdivant is a prisoner who will testify that, after unidentified prison staff witnessed him stealing food, defendant Mackinnon gave Sturdivant the choice

of voluntarily resigning from his job or going through the formal disciplinary process. Dkt. #109 at ¶¶ 2 and 6. Plaintiff was not given this choice. Instead, defendants reduced plaintiff's pay, hours and duties without any process.

Plaintiff says that George Johnson will testify about ways in which plaintiff changed his religious practices. In particular, Johnson observed plaintiff attempting to hide his kufi by "covering [it] with excessive hair nets." Dkt. #111 at ¶ 3.

I am denying plaintiff's request for writs because he has not shown that his desire to obtain the testimony of Sturdivant and Johnson outweighs the potential financial and security costs of bringing these witnesses to the courthouse. Perotti v. Quinones, 790 F.3d 712 (7th Cir. 2015) (discussing factors that courts should weigh when considering whether to grant a petition for writ of habeas corpus ad testificandum).

With respect to Sturdivant, plaintiff seems to believe that Sturdivant received more favorable treatment than he did, which shows discriminatory intent. However, as defendants pointed out in their summary judgment materials, it is difficult to argue that a prisoner like Sturdivant received more favorable treatment because a prisoner subjected to the formal disciplinary process could receive discipline that was harsher than simply the loss of a prison job, including time in segregation.

In the summary judgment opinion, I concluded that, if the prison had a policy of giving prisoners a choice between losing their job and formal disciplinary proceedings, a departure from that policy could be evidence of pretext, that is, evidence that defendants are lying about their reasons for disciplining plaintiff. In particular, if defendants departed from

their normal policy by not allowing plaintiff to choose formal disciplinary proceedings, that could be viewed as evidence of defendants' belief that their allegations would not hold up under the scrutiny required by formal disciplinary proceedings.

Under this view of the evidence, Sturdivant's proposed testimony has little probative value. How one defendant treated one other prisoner on one occasion sheds little light on the existence of a policy or consistent practice. In any event, as I noted in the summary judgment opinion, defendants do not deny that their usual practice is to give a prisoner a choice, so plaintiff should be able to elicit the relevant testimony from the defendants themselves. To the extent that Sturdivant's individual experience has any probative value, Sturdivant's testimony is not needed because plaintiff says in his declaration that he overheard defendant Mackinnon giving Sturdivant the choice between voluntary dismissal and formal disciplinary proceedings. Dkt. # 109 at ¶ 6.

With respect to Johnson, plaintiff seems to believe that testimony regarding a change in religious practices is relevant to showing that defendants' conduct imposed a "substantial burden" on his religious exercise, which is one element of plaintiff's claim under the Religious Freedom Restoration Act. However, I believe that Johnson's proposed testimony is not needed, for three reasons.

First, as discussed in the summary judgment opinion, the alleged substantial burden in this case is the removal of plaintiff from his prison job because of his religious beliefs and practices. Defendants have never argued that plaintiff is required to show that he changed his religious practices because of their actions. Rather, the key question is whether plaintiff

5

can prove that defendants discriminated against him because of his religion.

Second, Johnson's proposed testimony would do little to contribute to a showing of a substantial burden. Plaintiff does not say that Johnson would testify that plaintiff stopped engaging in any particular religious exercise because of defendants. Rather, Johnson's proposed testimony is that plaintiff began covering his kufi with hairnets while at work. Plaintiff does not suggest that his religious beliefs prohibit him from covering his kufi in that way, so it is not clear how that action burdened his religious exercise, substantially or otherwise.

Third, plaintiff is more competent than another prisoner to testify about ways in which he changed his behavior as a result of defendants' conduct. Johnson's testimony would be unnecessary and cumulative.

## C. Subpoenas for Defendants

A litigant represented by counsel is not required to attend trial, so plaintiff requests subpoenas for each of the defendants. I am denying this request as unnecessary because defendants represent in their response that they intend to be present for trial. Dkt. #140 at 2. If this plan changes, defendants are directed to inform the court and plaintiff immediately so that a subpoena can be issued if necessary. At the same time, defendants should submit their mileage estimate so that plaintiff knows the amount of money that will have to accompany a subpoena request. (A list of current subpoena rates was attached to the trial preparation order. Dkt. #100.)

ORDER

IT IS ORDERED that plaintiff Christopher Atkinson's motion for reconsideration, dkt. #137, petitions for writs of habeas corpus ad testificandum for Tyrone Sturdivant and George Johnson, dkt. ##108 and 110, and requests for subpoenas for Joseph Warnke, Crystal Schwersenska and Felipa Mackinnon, dkt. #124, 125 and 126, are DENIED.

Entered this 15th day of July, 2016.

                          BY THE COURT:
                          /s/
                          BARBARA B. CRABB
                          District Judge