IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SCOTT ATKINSON,

                        Plaintiff,

    v.

FELIPA MACKINNON,
JOSEPH WARNKE and
CRYSTAL SCHWERSENSKA,

                        Defendants.

OPINION and ORDER

14-cv-736-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Christopher Scott Atkinson is proceeding on the following claims: (1) defendants Joseph Warnke and Crystal Schwersenska removed plaintiff from his prison job at the Federal Correctional Institution in Oxford, Wisconsin because plaintiff is a Muslim, in violation of his rights under the free exercise and establishment clauses of the First Amendment, the equal protection component of the Fifth Amendment and the Religious Freedom Restoration Act; (2) defendant Felipa Mackinnon retaliated against plaintiff, in violation of his right to free speech, because he complained about defendants Warnke's and Schwersenska's alleged mistreatment. Defendants' position is that plaintiff lost his job because he attempted to steal items from the food services department.

      Trial is scheduled for August 1, 2016. This opinion addresses defendants' motions in limine. Dkt. #132. (Plaintiff did not file any motions in limine.)

1

OPINION

A. <u>Motions to Allow Evidence of Past Convictions</u>

Defendants ask the court to admit three sets of plaintiff's prior convictions: (1) 2007 convictions for felon in possession of a firearm and felon in possession of ammunition; (2) a 1992 conviction for armed robbery; and (3) a 1981 conviction for armed robbery.

Under Fed. R. Evid. 609, the general rule is that evidence of felony convictions is admissible for the purpose of impeaching a witness's credibility. However, if it has been more than 10 years since the witness was convicted or released (whichever is later), then the burden shifts to the proponent of the evidence to show that conviction's probative value substantially outweighs its prejudicial effect.

It is undisputed that plaintiff is serving the sentence for his 2007 conviction, so the general rule applies to that conviction. Because plaintiff identifies no reason for not admitting evidence of that conviction, I will grant this aspect of defendants' motion. Defendants will be limited to revealing "the title, date, and disposition of the offense." <u>United States v. Lewis</u>, 641 F.3d 773, 783 (7th Cir. 2011). I am denying defendants' related request to introduce certified copies of the judgments because those documents could contain information other than the title, date and disposition of the offense.

With respect to plaintiff's 1992 and 1981 armed robbery convictions, defendants admit that it has been more than 10 years since plaintiff was convicted and released for those crimes. Defendants argue that the convictions should be admitted because this case involves an alleged theft, but this is an admission that defendants seek to use the prior convictions,

2

not to impeach plaintiff's credibility, but to show that plaintiff has a propensity for stealing. That is not permitted under the Federal Rules of Evidence. Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Further, because those convictions are so old, I conclude that the probative value of the convictions does not outweigh the unfair prejudice to plaintiff. Accordingly, I am denying defendants' motion as to the 1981 and 1992 convictions.

Defendants filed a related motion to admit prior felony convictions of any other prisoner witnesses, but I am denying this motion as unnecessary because no other incarcerated witnesses will be testifying.

### B. Motions Regarding Prison Regulations

Defendants ask the court to rule as a matter of law that plaintiff is misinterpreting certain regulations of the Bureau of Prisons. I am denying the two motions related to this topic. To the extent that the meaning of a regulation is relevant to a claim or defense in this case, defendants are free to submit as evidence copies of those regulations. And if defendants believe that plaintiff has misinterpreted any of those regulations, they are free to impeach him with the text of the regulations or provide testimony of their own understanding (again to the extent these issues are relevant to the case). However, the key issue in this case is not whether plaintiff or defendants have the "correct" interpretation of a prison rule, but whether defendants discriminated against plaintiff in applying those rules.

Defendants cite no authority for the view that they are entitled to the court's interpretation of what is essentially a factual dispute.

### C. Motion to Exclude Hearsay Statements

Defendants ask for a blanket ruling that plaintiff should be barred from introducing any "written declarations and administrative grievance documents for the truth of the matter asserted." Because the rules regarding hearsay have many qualifications and exceptions, I decline to issue a ruling on this issue without a specific argument from defendants about a specific document.

It may be that defendants are anticipating that plaintiff will seek to admit a statement by employee Kevin Garska in a response to an informal grievance that plaintiff filed. Dkt. #35-3 at 8. Plaintiff sought a subpoena to compel Garska to testify at trial, but I denied the request because plaintiff did not tender the witness fee. Dkt. #122 at 9.

If that is defendants' intent, I am not persuaded at this point that Garska's statement is inadmissible. Certain business records are admissible under Fed. R. Evid. 803(6). A response to a grievance could qualify for that exception. Further, statements made to an agent of a defendant may be admissible in certain circumstances under Fed. R. Evid. 801(d)(2)(C)-(D). Garska's statement in the grievance response was relaying a message from defendant Mackinnon, so an exception to the hearsay rule could apply. Fed. R. Evid. 801(d)(2)(C) (out of court statement may be admissible for truth of the matter if that statement "was made by a person whom the [opposing] party authorized to make a

statement on the subject"). However, because neither side has developed an argument on this issue, I decline to issue a definitive ruling at this time.

### D.  Motion to Exclude Certain Documents

Defendants seek to exclude as irrelevant several documents on plaintiff's exhibit list: (1) a Food Service Department roster of prisoner workers living in the prison's Juneau housing unit as of June 9, 2016; (2) a Food Service Department workcall information sheet identifying the work start times on Thursday, June 16, 2016, for prisoner workers living in the prison's Juneau housing unit; and (3) a prison callout sheet, dated June 18, 2016, showing the times at which plaintiff and other prisoners were authorized to leave their housing unit on June 19 and June 20, 2016.

Plaintiff objects to defendants' motion, stating that the documents "may have a high value in countering defendants explanations and argument—which plaintiff anticipates." Dkt. #148 at 4. However, he does not identify any specific way in which any of the documents might be relevant to a claim or defense in this case. Because I see no potential relevance of the documents, I am granting defendants' motion. If defendants offer testimony or other evidence at trial that is relevant to these documents, plaintiff is free to ask the court to revisit the issue at that time.

### E.  Motion to Take Judicial Notice

Defendants ask the court to take judicial notice of the prison's payroll calendar for

June 2013.  (This issue may be relevant because there is a dispute about the days that one of the defendants was present in the food services department.)  Defendants' only argument in support of this motion is that the calendar is "publicly available information published on the website of the National Finance Center."  Dkt. #133 at 12-13.  However, they cite no authority for the view that a court may take judicial notice of a document simply because it appears on the website of a federal agency.  The calendar's presence on the website may show that the document is admissible as a public record under Fed. R. Evid. 803(8), but I am not persuaded that the accuracy of the calendar "cannot reasonably be questioned," which is the standard for taking judicial notice.  Fed. R. Evid. 201.

### F.  Motion to Exclude Evidence Related to Damages

Defendants seek to exclude any evidence of damages during the "liability phase" of the trial.  However, it is not this court's general practice to bifurcate trials such as this one, which can be tried in full in a relatively short time.  Accordingly, I am denying this motion.  If any party believes that the trial should be bifurcated, he or she is free to raise this issue during the final pretrial conference.

### G.  Proposed Witness Gregg Vandyke

One more matter requires attention.  Plaintiff has filed another brief in support of his petition for a writ of habeas corpus ad testificandum for Gregg Vandyke, who lives in a halfway house in Grand Rapids, Michigan.  I have denied this petition twice.  In an order

6

dated June 24, 2016, dkt. #122, I denied the petition on the ground that plaintiff had not shown that Vandyke had agreed to testify voluntarily and plaintiff did not respond to defendants' argument that Vandyke was outside the court's subpoena power. In an order dated July 15, 2016, I denied plaintiff's motion for reconsideration because plaintiff still had not shown that Vandyke agreed to testify voluntarily or that the court had the authority to issue a subpoena to compel Vandyke to testify.

In his new brief, dkt. #149, plaintiff seems to finally concede that Vandyke does not wish to testify in this case. Instead, plaintiff argues for the first time that the court does have the power to subpoena Vandyke.

Plaintiff's argument comes far too late. If plaintiff believed that the court could subpoena Vandyke, he should have raised that argument in his initial petition or in his motion for reconsideration. In any event, plaintiff concedes that Vandyke could not be compelled to come to the courthouse because he lives more than 100 miles away. Fed. R. Civ. P. 45. Rather, his new argument is that Vandyke could be compelled to testify remotely through video. However, even if I were to accept this argument, plaintiff has not identified anywhere that Vandyke could go that would enable him to appear by video. That is a sufficient reason in itself to deny plaintiff's request.

ORDER

IT IS ORDERED that

1. The motion in limine filed by defendants Joseph Warnke, Crystal Schwersenska

7

and Felipa Mackinnon to present evidence of plaintiff Christopher Atkinson's prior convictions is GRANTED with respect to plaintiff's 2007 convictions for felon in possession of a firearm and felon in possession of ammunition. The motion is DENIED in all other respects.

2. Defendants' motion to introduce copies of plaintiff's judgments of conviction is DENIED.

3. Defendants' motion to present evidence of the prior convictions of other prisoner witnesses is DENIED as moot.

4. Defendants' motions for rulings interpreting the prison's rules and regulations are DENIED.

5. Defendants' motion to bar plaintiff from introducing "written declarations and administrative grievance documents for the truth of the matter asserted" is DENIED as over broad. If either side believes that the other is submitting evidence in violation of the Federal Rules of Evidence, that side may raise an objection at that time.

6. Defendants' motion to exclude the following documents is GRANTED: 1) a Food Service Department roster of prisoner workers living in the prison's Juneau housing unit as of June 9, 2016; 2) a Food Service Department workcall information sheet identifying the work start times on Thursday, June 16, 2016, for prisoner workers living in the prison's Juneau housing unit; and 3) a prison callout sheet, dated June 18, 2016, showing the times at which plaintiff and other prisoners were authorized to leave their housing unit on June 19 and June 20, 2016.

7. Defendants' motion to take judicial notice of a payroll calendar is DENIED.

8. Defendants' motion to preclude plaintiff from submitting evidence related to damages during the liability phase of the trial is DENIED as unnecessary because the court does not intend to bifurcate the trial.

Entered this 29th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge